## JACKSON v. LO GRECO.
### No. 16903.

Court of Appeal of Louisiana. Orleans.

May 30, 1938.

Herman L. Midlo, of New Orleans, for appellant.

Jos. Lautenschlaeger, of New Orleans, for appellee.

JANVIER, Judge.

Louise Jackson claims to have sustained physical injuries at about 7:00 o'clock on the morning of July 31, 1937, when, as she was lying in bed in the premises occupied by her husband and herself and leased from defendant, Lo Greco, plaster fell from the ceiling and struck her. She prays for judgment for $1,500.00 for the injuries she sustained and for $60.00 additional, the amount of the bill of the doctor who treated her.

Defendant, admitting that a portion of plaster fell, denies that it struck plaintiff, and he especially denies that she sustained any injury.

In the District Court there was judgment dismissing plaintiff's suit. She has appealed.

The evidence convinces us that the plaster which fell dropped from a part of the ceiling not above the bed, but in another part of the room, and we have doubt as to whether plaintiff was struck at all. But we have no doubt at all that she has so grossly exaggerated her injuries—if she received any—as to justify the conclusion that her entire story is fundamentally false, and that when, by chance, plaster fell from the ceiling, she attempted to seize upon that circumstance as an opportunity to mulct the defendant in damages.

Very soon after the falling of the plaster defendant's wife called upon plaintiff and, on examination, found "no bruise and no scratch". Only a few hours later a physician of twenty-three years' experience was sent by defendant to examine plaintiff. He "examined every part of her body very carefully". On the witness stand he said:

"There was absolutely no marks of any injury whatsoever as you would get in some sort of injury, no abrasions, which means openings in the skin, and I wasn't satisfied with that; I tested her reflexes; I tested her mobility, * * *. I gave her a little medicine not because I felt at that time that she was injured in any way seriously, but merely to give her something to feel that we tried to do our very best."

This physician called upon her the next day and the day after because defendant wanted to make certain that plaintiff was not seriously hurt and he says that on no occasion did he find any evidence whatever of injury. It is true that he gave her medicine and that he strapped her back with adhesive tape, but he says, as to the medicine, that he gave it to her to quiet her nerves, and, as to the strapping of her back, that though he found no objective symptoms of injury, she complained of pain.

Another witness saw plaintiff on her front porch only a few days after the accident and yet plaintiff says that she was so badly hurt that she was forced to remain in bed for a period of nineteen days "before I could even go to the bathroom."

Her physician states that he "found her suffering with an injury to her back and her left hip and numerous painful injuries about her body." He states that he found numerous welts and abrasions on her body.

It is impossible to reconcile such evidence; one of the doctors is substantially in error.

Obviously, plaintiff has enormously exaggerated her injuries. In fact, the extent of this exaggeration is such as to convince us that there is grave doubt whether she was hurt at all. At another point in her testimony she evidences a willingness to exaggerate, for, although all the witnesses agree that the piece of plaster which fell was about one yard square and not much

larger than a certain picture which hung on the courtroom wall, she, when she first referred to the plaster, stated that "the whole top of the wall fell; just a little piece of the side didn't fall". It is true that later she herself apparently realized the exaggeration and stated that the plaster that fell was "about twice as big as that picture." But she followed that by saying "they had to put the whole ceiling in".

Considering these gross exaggerations and misstatements, we cannot say that the judge of the District Court was obviously in error in dismissing plaintiff's suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.